UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUTH A. WISDOM,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | No. 2:17-cv-00058 CKD<br><br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"). For the reasons discussed below, the court will deny plaintiff's motion for summary judgment and grant the Commissioner's cross-motion for summary judgment.

BACKGROUND

Plaintiff, born October 5, 1961 applied on July 24, 2013 for SSI, alleging disability beginning December 30, 2011. Administrative Transcript ("AT") 151-152. Plaintiff alleged she was unable to work due to acute HBP, abnormal EKG, carpal tunnel syndrome in both hands, headaches and body pain, memory loss, and unspecified essential hypertension. AT 190. In a

////

1

decision dated June 22, 2015, the ALJ determined that plaintiff was not disabled.[1] AT 15-26. The ALJ made the following findings (citations to 20 C.F.R. omitted):

> 1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2017.
>
> 2. The claimant has not engaged in substantial gainful activity since December 30, 2011, the alleged onset date.
>
> 3. The claimant has the following severe impairments: Hypertensive vascular disease and vertigo by history.
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5, 107 S. Ct. at 2294 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work, except the claimant may occasionally climb ramps or stairs. She may never climb ladders, ropes, or scaffolds. She may occasionally balance, stoop, kneel, crouch, or crawl. She must avoid concentrated exposure to hazards, such as operational control of dangerous moving machinery and unprotected heights.

6. The claimant is unable to perform any past relevant work.

7. The claimant was born on October 5, 1961 and was 50 years old, which is defined as an individual closely approaching advanced age on the alleged disability onset date.

8. The claimant has a limited education and is able to communicate in English.

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills.

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

11. The claimant has not been under a disability, as defined in the Social Security Act, from December 30, 2011, through the date of this decision.

AT 17-25.

ISSUE PRESENTED

Plaintiff argues that the ALJ committed the following error in finding plaintiff not disabled: The ALJ's residual functional capacity does not have the support of substantial evidence.

LEGAL STANDARDS

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th

Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence. See Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

ANALYSIS

Plaintiff asserts that the ALJ improperly discounted the April 14, 2015 opinion of her treating physician, Dr. Graciela Barzaga. See AT 733-735.

Filling out a medical questionnaire, Dr. Barzaga diagnosed plaintiff with fibromyalgia, hypertension, and C5-6 spinal stenosis; she described plaintiff's symptoms as fatigue, muscle aches, and pain. AT 733. Dr. Barzaga found that plaintiff was "incapable of even low stress jobs" and that her symptoms would "frequently" interfere with her ability to perform simple work tasks. AT 734. She opined that plaintiff could sit, stand, or walk "less than 2 hours" and could "rarely" lift less than ten pounds. AT 735. In answer to a question about the "earliest date that [Dr. Barzaga's] description of symptoms and limitations . . . applies," Dr. Barzaga noted that plaintiff had experienced neck and lower back pain for 12 years. AT 735.

The ALJ "reject[ed] Dr. Barzaga's diagnosis of fibromyalgia because it is not consistent with the claimant's treatment records and it is not based on either standard articulated by the American College of Rheumatology," which the ALJ outlined. AT 19. Based on a review of the

objective medical evidence, the ALJ found that "the claimant's most prominent impairment appears to be her uncontrolled hypertension." AT 22. Noting plaintiff's history of vertigo, the ALJ factored her "complaints of dizziness, shortness of breath, and fatigue" into the RFC by limiting her to light exertion with postural restrictions. AT 22.

As to Dr. Barzaga's April 2015 opinion, the ALJ noted that Dr. Barzaga had only "treated the claimant since March 2015." AT 23. The ALJ wrote that he

> gives little weight to Dr. Barzaga's assessment because it is inconsistent with the claimant's overall evidence of record. The claimant's examination findings, as discussed above, do not support Dr. Barzaga's overly restrictive assessment. Moreover he [sic] notes that she has had these limitations for the past 12 years, despite only having treated her for one month prior to providing this assessment. His [sic] statement is inconsistent with the claimant's ability to work as a certified nurse's assistant (CNA), a medium exertion job, until 2011.

AT 24-25; see AT 39-40, AT 182 (plaintiff's work history report lists CNA job from 1996 to 2012).

The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual. Id.; Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996).

To evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the court considers whether (1) contradictory opinions are in the record, and (2) clinical findings support the opinions. An ALJ may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons. Lester, 81 F.3d at 831. In contrast, a contradicted opinion of a treating or examining professional may be rejected for "specific and legitimate" reasons, that are supported by substantial evidence. Id. at 830. While a treating professional's opinion generally is accorded superior weight, if it is contradicted by a supported examining professional's opinion (e.g., supported by different independent clinical findings), the ALJ may resolve the conflict. Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)). In

5

any event, the ALJ need not give weight to conclusory opinions supported by minimal clinical findings. Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999) (treating physician's conclusory, minimally supported opinion rejected); see also Magallanes, 881 F.2d at 751. The opinion of a non-examining professional, without other evidence, is insufficient to reject the opinion of a treating or examining professional. Lester, 81 F.3d at 831.

Plaintiff argues that the ALJ failed to apply the required factors set forth in 20 C.F.R. § 404.1527(c) in determining whether to credit the treating physician's opinion. See Trevizo v. Berryhill, 871 F.3d 664, 675 (9th Cir. 2017) ("When a treating physician's opinion is not controlling, it is weighted according to factors such as the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability, consistency with the record, and specialization of the physician."), citing § 404.1527(c)(2)–(6).

Here, the ALJ credited the opinions of state agency consultative physicians who opined that plaintiff was less functionally limited than Dr. Barzaga found, as these opinions were "consistent with the claimant's medical evidence of record." AT 23; see AT 56-67, 69-82. In weighing Dr. Barzaga's functional assessment, the ALJ considered the one-month length of the treating relationship and the lack of objective medical findings supporting Dr. Barzaga's claimed limitations. See Chaudhry v. Astrue, 688 F.3d 661, 671 (9th Cir. 2012) ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings."). The ALJ also cited the inconsistency of a 12-year period of disabling limitations and plaintiff's work as a CNA until 2011. Elsewhere in the RFC analysis, the ALJ found plaintiff's statements about her allegedly disabling impairments not fully credible, a finding plaintiff does not challenge. AT 23, 24.

Based on the foregoing, the ALJ provided specific and legitimate reasons, supported by substantial evidence, for discounting Dr. Barzaga's April 2015 assessment of plaintiff's limitations. As this is the only basis on which plaintiff challenges the RFC, the court finds no error in the RFC determination.

////

////

## CONCLUSION

For the reasons stated herein, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 13) is denied;

2. The Commissioner's cross-motion for summary judgment (ECF No. 17) is granted; and

3. Judgment is entered for the Commissioner.

Dated: March 7, 2018

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/wisdom0058.ssi.ckd